IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CLANEICIA JACKSON | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 4:10CV00323  SWW |
| HOUSING AUTHORITY OF THE | * |
| CITY OF HELENA; CITY OF | * |
| HELENA, ARKANSAS; CITY OF | * |
| HELENA-WEST HELENA, | * |
| ARKANSAS; and LIONELL MOSS in | * |
| his individual and official capacities | * |
| | * |
| Defendants | * |

**ORDER**

Plaintiff Claneicia Jackson ("Jackson") commenced this employment dispute in state court, and Defendants removed the case pursuant to 28 U.S.C. §§ 1441(a) and (b). Before the Court is a motion to dismiss by the City of Helena-West Helena ("the City"), Jackson's response in opposition (docket entry #11), and the City's reply (docket entry #13). After careful consideration, and for reasons that follow, the motion to dismiss will be granted.

Jackson worked for the Housing Authority of the City of Helena, Arkansas ("Housing Authority"), and she also lived in housing managed by the Housing Authority. Jackson claims that her supervisor, Defendant Lionell Moss ("Moss"), subjected her to sexual harassment. Additionally, Jackson alleges that after she reported Moss's offensive conduct to the Housing Authority's assistant executive director, Moss terminated her employment, and the Housing Authority retaliated against her by denying "an appeal opposing her being forced to transfer housing units," increasing her rent, and providing negative employment references.

On January 21, 2010, Jackson filed this lawsuit in state court, naming the Housing Authority; the City,[1] and Moss as defendants. Jackson charges Defendants with violating her federal and state constitutional rights, the Arkansas Civil Rights Act, and state tort law. Jackson also claims that Defendants retaliated against her for exercising rights pursuant to federal and state law.

The City moves for dismissal of all claims against it pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In deciding whether Jackson states a claim against the City, the Court must determine whether she has pleaded facts with enough specificity "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007) (citations omitted). A complaint cannot simply "[leave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 1968 (citation omitted). Rather, the facts set forth in the complaint must be sufficient to "nudge the . . . claims across the line from conceivable to plausible." *Id.* at 1974.

The complaint contains only two references to the City: Jackson alleges that that the Housing Authority "is a political subdivision of the City if Helena, which is also known as the City of Helena/West Helena . . . . " and that "Moss's actions are imputed to Defendant City of Helena . . . . " Compl., ¶¶ 2, 29.

Contrary to Jackson's complaint allegations, the Housing Authority is not a political subdivision of the City; the two entities are separate and distinct. *See Arkansas Louisiana Gas*

---

[1] Jackson names the City of Helena, Arkansas and the City of Helena-West Helena as separate defendants. Effective January 1, 2006, the cities of West Helena and Helena were consolidated to form the City of Helena-West Helena. Accordingly, the City of Helena and the City of Helena-West Helena, and Plaintiff's claims against them, are one in the same.

*Co. v. City of Little Rock*, 256 Ark. 112, 116, 506 S.W.2d 555, 558 (1974). In opposition to the City's motion to dismiss, however, Jackson argues that the Housing Authority and the City are joint employers of Housing Authority employees for the purpose of Title VII. In support of this argument, Jackson notes that Arkansas law charges the mayor with the task of appointing the initial Housing Authority commissioners, who serve staggered terms, and provides that City must confirm vacancy appointments, which are made by existing commissioners. *See* Ark. Code. Ann. § 14-169-208. Jackson further asserts that the City retains the power to dissolve the Housing Authority.

The analysis to be applied in the Eighth Circuit for determining a single employer or joint employer relationship in Title VII cases consists of four factors: (1) the degree of interrelation between the operations of the entities in question; (2) the degree to which those entities shared common management; (3) the degree of centralized control of labor relations as between those entities; and (4) the degree of common ownership or financial control of the entities. *See Baker v. Stuart Broad. Co*., 560 F.2d 389, 392 (8th Cir.1977). Here, the complaint is void of allegations regarding any one of the foregoing factors or which indicate that the City and the Housing Authority are effectively joint employers of Housing Authority employees. Furthermore, the Court finds that the municipal powers or duties set forth under Ark. Code Ann. § 14-169-208 do not warrant finding a joint employer relationship in this case. In sum, the Court finds that Jackson has failed to allege facts sufficient to state a claim against the City.

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (docket entry #8) is GRANTED. Plaintiff's claims against Separate Defendants City of Helena-West Helena, Arkansas and Helena, Arkansas are DISMISSED WITH PREJUDICE, and these separate

defendants are dismissed as parties to this action. Plaintiffs claims against the Housing Authority of the City of Helena and Lionell Moss remain.

IT IS SO ORDERED THIS 1ST DAY OF JULY, 2010.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE