IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| CLANEICIA JACKSON | * |
| | * |
| Plaintiff | * |
| | * |
| V. | * |
| | *   NO: 4:10CV00323  SWW |
| HOUSING AUTHORITY OF THE | * |
| CITY OF HELENA; CITY OF | * |
| HELENA, ARKANSAS; CITY OF | * |
| HELENA-WEST HELENA, | * |
| ARKANSAS; and LIONELL MOSS in | * |
| his individual and official capacities | * |
| | * |
| Defendants | * |

## ORDER

Plaintiff Claneicia Jackson ("Jackson") commenced this employment dispute in state court, and Defendants removed the case pursuant to 28 U.S.C. §§ 1441(a) and (b). Before the Court is Jackson's motion remand (docket entry #23), Defendants' response in opposition (docket entry #26), and Jackson's reply (docket entry #27). After careful consideration, and for reasons that follow, the motion to remand will be granted.

Jackson filed her original complaint in state court, charging defendants with violating her federal and state constitutional rights, the Arkansas Civil Rights Act, and state tort law. After Defendants removed the case to federal court, Jackson obtained leave to file an amended complaint and thereafter moved for remand, asserting that the amended pleading eliminated any basis for federal question jurisdiction. Defendants objected to remand, noting that Jackson's first amended complaint retains allegations that Defendants retaliated against her for exercising a

federally protected right.

In reply, Jackson declared that it is not her intention to assert any cause of action arising under a federal statute or the United States Constitution, and she sought leave to file a second amended complaint, which deletes any federal causes of action and asserts only state law claims. The time for responding passed, and Defendants did not respond to Jackson's motion to amend. The Court granted the motion to amend, and Jackson filed the amended pleading.

Although the second amended complaint eliminates all federal claims, the Court retains supplemental subject matter jurisdiction over the state law claims.  However, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614 (1988); *see also* 28 U.S.C. § 1367(c)(3).  At this early stage, before the Court or the parties have expended substantial resources on this case, the Court finds no basis for exercising supplemental jurisdiction and will exercise its discretion to remand Jackson's state law claims to state court.

IT IS THEREFORE ORDERED that, pursuant to the Court's discretion under 29 U.S.C. § 1367(c)(3) and 28 U.S.C. § 1441(c), Plaintiff's motion for remand (docket entry #23) is GRANTED.  This case is hereby remanded to the Circuit Court of Phillips County, Arkansas.

IT IS SO ORDERED THIS 24th DAY OF JANUARY, 2011.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE